```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Gary Washington,                             07-CV-4581
                    Petitioner,              (CPS)

        - against -
                                             MEMORANDUM OPINION
The United States of America                 AND ORDER

                    Respondent.

----------------------------------------X
```

SIFTON, Senior Judge.

   On July 14, 2003, Gary Washington ("petitioner") pled guilty to conspiring to import cocaine into the United States from a place outside thereof, in violation of 21 U.S.C. § 952(a). On January 20, 2004, petitioner was sentenced to 92 months in prison to be followed by a three-year period of supervised release and the $100 special assessment. Petitioner now moves this Court, pursuant to 28 U.S.C. § 2255, for re-sentencing due to ineffective assistance of counsel during the plea and sentencing process and for failure of counsel to file a post-sentence appeal. For the reasons set forth below, petitioner's application is denied.

## BACKGROUND

   The following facts are drawn from the record of petitioner's criminal case, the submissions of the parties in connection with this petition, the plea allocution before Magistrate Judge Pollak on June 14, 2003, and the sentencing proceeding before this Court on January 20, 2004.

On December 31, 2002, petitioner was charged with (1) conspiracy to import cocaine; (2) importing five kilograms or more of cocaine into the United States; and (3) possession with intent to distribute five kilograms or more of cocaine. Petitioner was represented by Ruth Liebesman in this matter.

On July 14, 2003, petitioner entered into a plea agreement with the government providing that if petitioner pled guilty to Count One of the indictment, the remaining two counts would be dismissed with prejudice. By signing the plea agreement, petitioner waived his right to challenge his conviction or sentencing if he was sentenced to a term of imprisonment of 188 months or less. In the plea agreement, the government estimated that the petitioner's adjusted offense level under the United States Sentencing Guidelines (the "Guidelines") would be 29.[1] At the allocution, Magistrate Judge Pollak asked petitioner whether he had read and understood the plea agreement, and whether the provisions of the plea agreement had been explained to him. Petitioner answered affirmatively.[2] Transcript of Plea Allocution on July 14, 2003 ("Plea Tr.") at 14.

---

[1] The government's estimate was based on a Career Offender Offense Level of 32 (U.S. Sentencing Guidelines § 4B1.1(b)(c)) minus 3 for petitioner's Acceptance of Responsibility (U.S. Sentencing Guidelines § 3E1.1(b)). This estimate coincides with a prison term of 151 to 188 months. Plea Agreement dated July 14, 2003 at 2.

[2] Petitioner did state that he was concerned about his ability to appeal the government's estimate of his sentencing class. The government responded that it was just an estimate and could be challenged anytime *prior to sentencing*. Plea Tr. at 17-18 (emphasis added).

A presentence investigation report ("PSR") was prepared on October 15, 2003. The PSR detailed petitioner's 11 arrests between 1989 and 2001. The PSR calculated that petitioner's total offense level was 31 and that he had a criminal history category of IV. An addendum to the PSR ("Addendum") was prepared on December 9, 2003, in response to objections to the PSR by the government and petitioner's counsel. The Addendum stated that petitioner should be considered a career offender pursuant to United States Sentencing Guideline 4B1.1(b) because he was 33 years of age when he committed the instant offense, the instant offense is a controlled substance offense and defendant has more than two prior felony convictions for controlled substance offenses. The Addendum calculated a total offense level of 23 and a criminal history category of VI, which created a sentencing range of 92 to 115 months imprisonment, 3 to 5 years of supervised release and a fine of up to $1,000,000.

Petitioner was sentenced by this Court on January 20, 2004. At sentencing, defense counsel challenged the government's classification of petitioner as a career offender. Petitioner's counsel argued that petitioner should not be classified as a career offender because such a classification applies only to repeat offenders who serve significant jail time and are recidivists. Transcript of January 20, 2004 Sentencing Proceedings ("Sentencing Tr.") at 5-6. Petitioner's counsel

reasoned that since petitioner had spent minimal time in jail and has not had an opportunity to learn from his mistakes, he should not be classified as a career offender. *Id.* This Court disagreed, finding that petitioner's sustained criminal activity over more than a decade, including the commission of offenses while on probation, supported his classification as a career offender. *Id.* at 9-10. The Court then took into account other mitigating factors[3] and sentenced petitioner to 92 months imprisonment, the minimum under the guidelines, a three-year period of supervised release and a $100 special assessment fee. *Id.*

On October 23, 2007, petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. Petitioner argues that his counsel provided him with ineffective assistance by: (1) failing to appeal his classification as career offender; (2) failing fully to investigate prior state convictions to ascertain whether they could properly be used to increase his criminal history category to category VI; and (3) failing to explain the consequences of accepting the government's plea agreement, specifically that his right to appeal would be limited.

---

[3] The Court took petitioner's drug habits, chronic illness and family life into account in determining petitioner's sentence. Sentencing Tr. 6-8.

## DISCUSSION

*Timeliness of Petition*

In 1996, Congress amended 28 U.S.C. § 2255 to include a one-year statute of limitations period that runs from the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the existence of due diligence.

Petitioner's sentence was imposed on January 20, 2004. The instant petition was filed on October 30, 2007, more than three years after petitioner's conviction became final. There has been no unlawful government intervention, no Supreme Court decision that is relied upon, and no new essential facts discovered that were not present at the time of sentencing.

Extensions of time to file habeas petitions may be granted "only if (1) the moving party requests the extension upon or after filing an actual § 2255 motion, and (2) 'rare and

exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States,* 260 F.3d 78, 82-83 (2d Cir. 2001). "To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time. *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001). In his motion, petitioner has not requested an extension of time to file his habeas petition. And, even if this Court were to construe petitioner's motion as including a request for an extension, petitioner has offered no rare or exceptional reasons to grant such an extension. Therefore, even if petitioner's claims had merit, which, as explained below, they do not, his petition is denied because the statute of limitations has expired.

*Ineffective Assistance of Counsel*

In the context of guilty pleas, "ineffective assistance of counsel may render a guilty plea involuntary, and hence invalid. An accused who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by that plea because a plea of guilty is valid only if made intelligently and voluntarily." *U.S. v. Couto*, 311 F.3d 179, 187 (2d. Cir. 2002) (internal citations and quotations omitted). In *Hill v. Lockhart*, the Supreme Court applied the two-prong test from

*Strickland v. Washington* to ineffective assistance of counsel in the guilty plea context. 474 U.S. 52, 57-58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To prevail on a claim of ineffective assistance counsel with respect to a guilty plea, a petitioner must demonstrate both that his counsel's performance (1) "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 57-59. In this evaluation, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*I. Failure to Investigate Prior State Criminal Offenses.*

Petitioner argues that his attorney did not make adequate inquiries into his past offenses to discern whether they were sufficient to classify him as a career offender. Petitioner states that he has "pertinent documentation which supports his position that his [prior state conviction] was set aside and should not have been used to enhance his sentence." Pet'r Memo. at 1.

"[A] prior conviction [that] has not been set aside on direct or collateral review...is presumptively valid and may be used to enhance the federal sentence." *Daniels v. United States,*

532 U.S. 374, 382 (2001). However, "[i]f an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings." *Id; see also Custis v. United States,* 511 U.S. 485, 496 (1994).

Here, petitioner argues that his counsel should have inquired into his prior state convictions and that, if she had done so, he would have received a lesser sentence. At sentencing and in his petition, petitioner has offered no evidence that any of his prior convictions were set aside on direct or collateral review, nor does he now argue that he was denied counsel on any of his prior convictions. Petitioner does not explain how or why one of his prior state convictions was "set aside". Without such arguments, petitioner has not satisfied the parameters of the *Custis* exception.

Petitioner submitted documentation in support of his argument, but his documentation does not support his argument. The documents submitted show that in 1991, petitioner was charged and voluntarily pleaded guilty to committing the criminal offense of possessing narcotics with intent to sell in Superior Court of the State of Connecticut while he was on probation. Petitioner received a suspended sentence of 10 years and 5 years of probation for this offense. Further, over the decade prior to

petitioner's incarceration, he was convicted of 11 offenses, including multiple felonies, some of which occurred while the petitioner was on probation.[4]  The dismissal of one prior conviction would not have effected petitioner's career offender classification.  Petitioner's evidence and arguments do not support his claim that counsel was ineffective for not challenging prior convictions.

*II. The Plea Agreement*

Petitioner's claim that counsel was deficient by allowing petitioner to enter into the plea and thereby waive the right to appeal is also not meritorious because counsel's actions were not objectively deficient.  Petitioner claims that his attorney did not fully understand and/or explain to him the consequences of signing the plea agreement, and that he would not have agreed to the plea agreement had he been informed of the provision waiving his right to appeal.

A guilty plea must be intelligent and voluntary.  *Parke v. Raley*, 506 U.S. 20, 28-29 (1992).  An agreement that waives a defendant's right to appeal a criminal sentence is enforceable as long as there is sufficient evidence to establish that the

---

[4] At the sentencing hearing the Court stated that "[t]hese offenses not only are a steady drum beat of criminal offenses over a very substantial period of time, but they involve...crimes committed while under the direct supervision of probation officers and pending the resolution of pending cases, so that whatever efforts were made to attempt to get [petitioner] to avoid criminal conduct or avoid further contact with the criminal laws, substantial efforts were made and have been made to change his conduct and they have been unsuccessful."  Sentencing Tr. 9-10.

defendant's waiver was knowing and voluntary. *Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001). There is enough evidence included in the record of the plea allocution to conclude that petitioner's waiver was knowing and voluntary.

At allocution, petitioner stated that he was of sound mind and that he was satisfied with his counsel's representation. Plea Tr. at 7-8. Petitioner's counsel stated that she had informed petitioner of the sentencing guidelines and his possible sentence. *Id.* at 8. Magistrate Judge Pollak then explained to both defense counsel and petitioner that they had the right to challenge the government's sentencing guideline estimation and would be able to make any arguments for a lesser sentence in front of this Court prior to sentencing. *Id.* at 17-18. Magistrate Judge Pollak further stated to petitioner, "you have agreed that you will not file an appeal or otherwise challenge your conviction or your sentence so long as the Court imposes a term of imprisonment of 188 months or less. Do you understand that?" *Id.* at 21. Petitioner answered affirmatively, and the plea was accepted. *Id*. This is clear and convincing evidence that petitioner was aware of the waiver and that he knowingly and voluntarily agreed to it. Both the Magistrate Judge's explanation of the waiver and petitioner's and petitioner's counsel's responses at allocution are evidence that petitioner and his counsel not only understood the plea agreement, but were

both fully aware of the waiver of appeal and its consequences.

*III. The Sentence*

Petitioner argues that this Court erred in sentencing him to 92 months imprisonment. The Addendum calculated petitioner's total offense level to be 23 and his criminal history as Category VI. Based on these calculations, the probation department recommended a Guideline sentencing range of 92 to 115 months. This Court sentenced petitioner to 92 months. Petitioner argues that he should have been sentenced based upon a total offense level of 23 and criminal history Category IV, which, he contends, indicates that the Court made a plain error at sentencing.

Petitioner's calculations are incorrect. The PSR calculated petitioner's total offense level to be 31 and his criminal history as Category IV, which corresponded to a Guidelines recommendation of 151 to 188 months incarceration. The Addendum, prepared after the government and petitioner's counsel made various objections to the original report, recalculated petitioner's offense level to be 23 and the criminal history as Category VI, which corresponds to a range of 92 to 115 months incarceration. Neither the presentence report nor the addendum recommended an incarceration range of 70-87 months. Petitioner appears to argue that his correct sentence should be calculated by taking the lowest calculated offense level, the 23 from the Addendum, and the lowest criminal history category, the IV from

the PSR, which corresponds with a range of 70-87 months incarceration. However, as already explained, petitioner's correct criminal history category is Category VI, as this Court determined that petitioner is a career offender, and therefore, the correct Guidelines range is 92-115 months incarceration.

*IV. Failure to Appeal*

Petitioner alleges that defense counsel failed to appeal petitioner's classification as a career offender. Defense counsel did challenge petitioner's classification as career offender prior to sentencing, and petitioner waived his right to appeal the imposed sentence upon signing the plea agreement, provided he was not sentenced to more than 188 months incarceration.

Petitioner argues that his counsel failed to appeal his sentence even though she told him that she would file an appeal on his behalf. Even assuming, *arguendo*, that petitioner asked counsel to file an appeal, petitioner has not shown that there is any nonfrivolous issue for appeal or that any prejudice has resulted from counsel's decision not to file an appeal.

"[I]n order to succeed on his ineffective assistance of counsel claim, [petitioner] must show that (a) counsel knew or should have known of a nonfrivolous ground for appeal (and thus had a duty to consult), (b) counsel breached this duty by failing to consult, and (c) counsel's breach prejudiced the petitioner."

*Galviz Zapata v. United States*, 431 F.3d 395, 397 (2d Cir. 2005). Petitioner, without stating a nonfrivolous ground, avers that his counsel should have appealed both the sentence calculation and the applicability of his prior state convictions to this sentence. However, as already explained, neither ground is a proper basis for appeal.

## CONCLUSION

For the reasons set forth above, petitioner's application for a writ of habeas corpus is denied, and petitioner is denied a certificate of appealability because he has not made a "substantial showing of the denial of a constitutional right." *U.S. v. Outen*, 286 F.3d 622, 634 (2d Cir. 2002) (quoting 28 U.S.C. § 2253(c)(2)). The Clerk is hereby directed to transmit a copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated:    Brooklyn, New York
          July 1, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge